RECEIVED

JUL 19 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| B.J. SERVICE COMPANY, U.S.A. | : | DOCKET NO. 08-510 |
| VS. | : | JUDGE TRIMBLE |
| EDDIE A. THOMPSON, ET AL | : | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the court are several motions: (1) "Motion for Leave to File Counterclaim for Breach of Contract" ( R. #44), (2) "Motion to Alter or Amend Judgment or, Alternatively, for New Trial on the Issue of the Distinction Between an Obligation to Provide Indemnity and an Obligation to Provide Insurance Coverage" ( R. #49), (3) "Motion for Oral Argument Regarding Motion for Leave to File Motion to Alter or Amend Judgment or, Alternatively Motion for New Trial ( R. #51)m and (4) "Motion for Oral Argument Regarding Motion for Leave to File Counterclaim" ( R. #52). For the following reasons, the motions will be denied.

## LAW AND ANALYSIS

The undersigned issued an opinion and judgment in favor of B. J. Service Company and against defendants on May 14, 2010.[1] Defendants, through the above mentioned motions, seek to have the court amend its judgment in their favor, or alternatively, to grant a new trial. Defendants further seek to have the court grant them leave to file a counterclaim in the instant lawsuit. Finally, defendants seek oral arguments on all issues.

---

[1] R. # 42 and 43.

*Motion to alter/amend or alternatively, for a new trial*

The court has read and considered the memoranda and law cited by the parties and finds no basis in law for any of the requests defendants seek In the court's trial opinion, we held that maritime law was not applicable. We further determined that BJ Services was obligated to provide insurance, but failed to do so. We also held that the indemnity provision at issue fell within the exception created by Patterson[2]/Marcel[3]. However, because defendants settled with the tort victim without a finding of negligence, under Tanksley[4], the LOIA nullified the indemnity agreement and Lexington was precluded from seeking indemnity from BJ Services.

We find no error in fact or law on the issues on the basis by which they were presented to the court. Therefore, we decline to amend or alter our previous judgment, or to grant a new trial.

*Motion for leave to file a counterclaim*

Defendants now, after a decision on the merits has been rendered, seeks leave to file a counterclaim for breach of contract on the basis that the court determined that BJ Service was obligated to procure insurance, but failed to do so. Defendants rely on 28 U.S.C. § 2201 in which "the prevailing party [in a declaratory judgment action] may seek further relief in the form of damages or an injunction." First, Lexington was not the prevailing party. Second, and foremost, Rule 13 of the Federal Rules of Civil Procedure is the governing law as to filing counterclaims.

Plaintiff opposes the motion on the basis that such a counter claim would be compulsory and must be raised prior to the judgment by this court on the merits of the case. Rule 13 provides the

---

[2] Patterson v. Conoco, et al, 670 F.Supp. 182 (W.D. La. 1987).

[3] Marcel, et al v. Placid Oil Company, 11 F.3d 563 (1994).

[4] Tanksley v. Gulf Oil Corp., 848 F.2d 515 (5th Cir. 1988).

following:

> **(a) Compulsory Counterclaim.**
> **(1)** *In General.* A pleading must state as a counterclaim any claim that–at the time of its service–the pleader has against an opposing party if the claim:
> **(A)** arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> **(B)** does not require adding another party over whom the court cannot acquire jurisdiction.
> **(2)** *Exceptions.* The pleader need not state the claim if;
> **(A)** when the action was commenced, the claim was the subject of another pending action; or
> **(B)** the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule. . . .

Plaintiff argues that the potential breach of contract claim was evident as soon as this litigation started, and that it would be prejudiced if the counterclaim were to be allowed at this late state of the proceedings given that no discovery as to the issue has been conducted. The decision whether to grant such a motion is entrusted to the discretion of the trial court.[5] In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of amendment.[6]

In *Dillard v. Security Pacific Brokers, Inc.*,[7] the court recognized that the rule was harsh and that "[i]t forces parties to raise certain claims at the time and place chosen by their opponents, or to lose them. The rule, however, is the result of a balancing between competing interests. The

---

[5] In re Westec, 434 F.2d 195 (5th Cir. 1970).

[6] Wimm v. Jack Eckerd Corp., 3 F.3d 137 (5th Cir. 1993).

[7] 835 F.2d 607 (5th Cir. 1988).

convenience of the party with a a compulsory counterclaim is sacrificed in the interest of judicial economy."

The court finds that the breach of contract claim could have been asserted at the onset of this litigation, and thus was a compulsory counterclaim. Defendants have had ample time and opportunities to conduct the necessary discovery and assert their breach of contract claim. Allowing defendants to now assert the claim, after the court has reached a decision on the merits, is dilatory and would unduly prejudice plaintiff. Accordingly, the motion for leave to amend will be denied.

*Motions for oral arguments*

The court finds that oral argument as to the motions submitted and the issues presented is not necessary.

## CONCLUSION

Based on the foregoing, the motion to alter/amend, or alternatively, for a new trial will be denied. The motion for leave to file a counterclaims will be denied, and the motions for oral arguments will also be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19 day of July, 2010.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

4